IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE COTA-HERNANDEZ, | Case No. 1:11-cv-00753 JLT (PC) |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| vs. | |
| FEDERAL BUREAU OF PRISONS, et al., | (Doc. 1) |
| Defendants. | |
| _____/ | |

Plaintiff is a federal prisoner proceeding pro se and in forma pauperis with a civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a civil remedy for violations of civil rights by federal actors. Plaintiff has consented to the jurisdiction of the undersigned for all further proceedings in this case. (Doc. 6.) Now pending before the Court is Plaintiff's complaint filed May 2, 2011. (Doc. 1.)

**I.      SCREENING REQUIREMENT**

The Court is required to review a case in which a prisoner seeks redress from a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). If the Court determines the complaint fails to state a claim, leave to amend should be granted to the extent that the pleading can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Nevertheless, a plaintiff's obligation to provide the grounds of entitlement to relief under Rule 8(a)(2) requires more than "naked assertions," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action." Twombly, 550 U.S. at 555-57. The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570).

## II.    THE COMPLAINT

Plaintiff alleges as follows. Plaintiff was confined at the U.S. Penitentiary located in Atwater, California. (Doc. 1 at 1.) On or about January 11, 2010, Plaintiff accidentally ate pork products and became ill. (Id. at 2.) Customarily, the prison food staff labels food made with pork products, but this time they did not. (Id.) Plaintiff reported to the medical center. (Id.) Over the next few months, PEG scans revealed multiple "ring-enhancing lesions" in Plaintiff's brain. (Id.) The lesions can be caused by eating tainted pork. (Id.) Plaintiff is currently being treated for his condition. (Id.)

Based on the above, Plaintiff claims that the Federal Bureau of Prisons, Director Lappin, and Warden Smith failed to properly train prison food staff, and therefore are responsible for the illness Plaintiff suffered. (Id. at 2-3.) In terms of relief, Plaintiff seeks "2,500,000 for the damage done to him by the negligence of the food service staff at [the] Atwater facility." (Id. at 2.)

## III.   DISCUSSION

A supervisor's failure to train subordinates may give rise to individual liability where the failure to train amounts to deliberate indifference to the rights of persons whom the subordinates are likely to come into contact. See Canell v. Lightner, 143 F.3d 1210, 1213-14 (9th Cir. 1998). A plaintiff must establish that the subordinate's training was inadequate, that the inadequate training was a deliberate choice on the part of the supervisor, and that the inadequate training caused a constitutional violation. Id. at 1214. See also City of Canton v. Harris, 489 U.S. 378, 391 (1989); Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001).

In this case, Plaintiff's allegations fall well short of satisfying any of the three requirements indicated above. First, Plaintiff fails to demonstrate that the training of the prison food staff was in any way inadequate. According to Plaintiff, it is prison custom for food staff to label pork products. Thus, the failure of prison food staff to properly label pork products *one time* on January 11, 2010, does not imply inadequate training, but rather, a simple oversight. For the same reason, there is no implication that any supervisor deliberately failed to implement adequate training for food staff.

Also fatal to Plaintiff's failure to train claims is the fact that the alleged inadequate training did not actually cause an underlying constitutional violation. Plaintiff's allegations would seem to implicate the Eighth Amendment. The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The Eighth Amendment therefore imposes a duty on prison officials "to ensure that prisoners are provided with adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted).

In order to establish a violation of this duty, a prisoner must show that he was subjected to an objectively serious deprivation, one that amounts to a denial of "the minimal civilized measures of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)). A prisoner must also show that prison officials acted with sufficiently culpable states of mind in failing to satisfy their duties. Farmer, 511 U.S. at 834. Prison officials must have acted with deliberate indifference. Id. A prison official is liable under the Eighth Amendment only if he "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

Here, the facts alleged do not suggest that prison food staff acted with deliberate indifference. There are no facts indicating that prison food service staff were aware that the pork was tainted or that prison food staff actually knew that the pork had not been properly labeled. In fact, Plaintiff alleges to the contrary. According to Plaintiff, prison food staff acted negligently. (Doc. 1 at 2.) Mere negligence, however, does not arise to the level of deliberate indifference. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (medical negligence does not equate to deliberate indifference).

1          Accordingly, for all the reasons set forth above, the Court concludes that Plaintiff fails to state
2  a cognizable claim.  The Court also concludes that Plaintiff should not be given leave to further amend
3  his pleadings.  The clear thrust of Plaintiff's allegations is that Defendants acted negligently in failing
4  to prevent the negligent actions of prison food staff.  No amount of new facts will be able to convert
5  Plaintiff's claims for ordinary negligence into cognizable constitutional claims.  See Lopez, 203 F.3d
6  at 1127 (leave to amend should be granted unless the court can determine that the pleading could not
7  possibly be cured by the allegation of other facts).

8  **IV.     CONCLUSION**
9          In accordance with the above, it is **HEREBY ORDERED** that:
10         1.      This action is **DISMISSED** for Plaintiff's failure to state a cognizable claim;
11         2.      This dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g); and
12         3.      The Clerk of the Court is directed to close this case.
13  IT IS SO ORDERED.
14  Dated:   **September 11, 2011**                             /s/ Jennifer L. Thurston
                                                          UNITED STATES MAGISTRATE JUDGE